**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Hernan ESPINO–PEREZ,
Defendant-Appellant.**

No. 86–5047
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 2, 1986.

Julio C. Codias, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Robert M. Lipman, Nancy L. Worthington, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Appellant Hernan Espino-Perez brings this appeal from his convictions in federal district court for conspiracy to possess and possession with intent to distribute a kilogram or more of cocaine. Appellant asserts four errors as grounds for reversal or new trial. First, he claims ineffective assistance of counsel in that counsel failed to move for suppression of certain evidence and failed to object to introduction of alleged co-conspirators' hearsay statements. Second, appellant claims that the trial court abused its discretion in admitting the co-conspirators' hearsay statements without first requiring independent proof of the conspiracy. Third, appellant argues that the evidence at trial was insufficient to support the conviction for possession. Fourth, he claims that the trial court abused its discretion in failing to grant a new trial, given a government witness' false testimony. We find that the first claim of error is not properly before this court and the remainder have no merit. Therefore, we affirm both convictions.

## I. FACTS

Appellant's drug convictions resulted from certain events in Miami during August, 1985. Sometime before August 8, appellant approached an acquaintance, Paul Mendoza, about the possibility of Mendoza acting as a drug courier between Miami and certain northern cities. Mendoza was then a flight attendant for Pan American Airlines, and exempt from ordinary airport security, including inspection of baggage. On August 8, Mendoza met with appellant and a third person, John Gregory, at appellant's home. The three obtained ten packages of cocaine, which they divided up and placed in a blue tote bag and a garment bag. Mendoza then made flight reservations for all three on a flight to New York scheduled later that day.

At the airport, appellant and Gregory went together to the ticket counter where appellant purchased two tickets for cash. The co-conspirators had already drawn the attention of Metro-Dade police detectives, since the travelers had no luggage other than a brief case. The detectives then observed appellant and Gregory meet with Mendoza near the flight attendant's lounge. Mendoza brought them several bags including a khaki tote bag, a black bag and the two bags carrying cocaine. Gregory gave appellant one of the bags containing drugs, and then appellant handed it back, taking instead a bag without drugs. The three co-conspirators then split up, appellant going to the security check-

point, Gregory checking baggage, and Mendoza skirting security by using employee access to the gate. Appellant was stopped at security but, since no drugs were found in his bags, he proceeded to the gate. Appellant never boarded the plane for New York, however, because Gregory was arrested with a drug-laden bag while still holding appellant's ticket and boarding pass. Once Gregory was arrested, the police recalled the plane and arrested Mendoza, who had boarded the plane with the remaining cocaine. Appellant was then arrested at the gate and disclaimed any connection to Mendoza and Gregory.

## II. DISCUSSION

Appellant's first claim, ineffective assistance of counsel, rests on two contentions: that he was stopped without probable cause and that the government had no independent proof of conspiracy, other than the hearsay statements of his alleged co-conspirators. Appellant claims that counsel was ineffective in not pressing these contentions with appropriate motions and objections. Whatever the merits of these contentions and their impact on counsel's alleged omissions at trial, we cannot entertain appellant's claim of ineffective assistance. Such a claim is not properly brought on direct appeal because a district court has not yet had the opportunity to gather the facts or reach a decision on the claim. *See United States v. Griffin*, 699 F.2d 1102 (11th Cir.1983). Appellant remains free, however, to raise this issue on collateral attack of his convictions. *See id.* at 1107.

Appellant's second claim also asserts error with respect to the introduction of hearsay, but this time as a matter of error on the trial judge's part. Appellant argues that before the jury heard any statement of a co-conspirator, the judge should have decided pursuant to *United States v. James*, 590 F.2d 575 (5th Cir.1979) whether there was sufficient independent evidence of conspiracy. Absent this "mini-hearing," appellant argues, the introduction of such evidence was an abuse of discretion. Appellant further contends that since no proof of conspiracy exists, the introduction of this evidence was prejudicial and warrants reversal. We disagree with both contentions.

First, we note that a *James* hearing outside the presence of the jury is merely a "preferred practice" in this circuit. *See id.* at 582. It is not mandatory. Hearsay statements of alleged co-conspirators may still be admitted, without a *James* hearing, as long as sufficient independent evidence of conspiracy is ultimately placed before the jury. *See United States v. Norton*, 755 F.2d 1428 (11th Cir.1985). Conspiracy is established through evidence that two or more persons have agreed to commit a drug-related offense, that appellant knew of this agreement and that appellant agreed to participate. *See United States v. Carrascal-Olivera*, 755 F.2d 1446 (11th Cir.1985).

Here, there is ample evidence of conspiracy. Airline records showed that on August 8, Mendoza called and made reservations for himself, Gregory and appellant for a flight to New York that day. Appellant was observed buying tickets for Gregory in cash and then exchanging luggage with him and Mendoza, apparently in an effort to ensure he was not carrying the bag with cocaine. Appellant later abandoned one of the bags he carried, claiming that it was not his even though it had a tag bearing his name. Inside the bag were personal belongings of Mendoza. Appellant was also found to have the name and phone number of Mendoza in his personal address book. Despite such open association with these two men, appellant denied before and after his arrest that he had any dealings with them. He insisted he was traveling alone. Taken together, these facts are substantial evidence that appellant knew Mendoza and Gregory were carrying contraband, that he voluntarily assisted them, and that he did not want to be implicated if the others were caught.

Having thus established conspiracy, the government was free to introduce any statement of a co-conspirator made in furtherance of the agreement. Under the Federal Rules of Evidence, such state-

ments are not hearsay and they are properly admissible. *See* Fed.R.Evid. 801(d)(2)(E). There was no error at trial with respect to this evidence.

■ Appellant's third claim is directed to his conviction for possession of the cocaine with intent to distribute. Appellant argues that even if he did actually hold one of the bags with cocaine, it was only for a few seconds and therefore insufficient to constitute possession. Appellant's argument assumes that only actual possession will support a conviction. This is incorrect, as possession may be actual or constructive. *See United States v. Bain,* 736 F.2d 1480 (11th Cir.1984). It may also be established by aiding and abetting another's possession. *See id.* at 1487. In this case, the jury was instructed that aiding and abetting would support a possession conviction, and adequate evidence was presented. Appellant's activities at the airport demonstrated that he knowingly participated in the plan to transport cocaine to New York and that he acted to insure the plan's success, not least by personally buying a plane ticket for one of the couriers. Appellant's conviction for possession need not be reversed. *See id.*

Appellant's fourth and last claim alleges error in the trial court's refusal to grant a new trial. Appellant asserts that Mendoza, the government's key witness, gave false testimony. As proof, appellant offers the affidavits of his wife and Gregory, now a fugitive. Mrs. Espino-Perez claims that Mendoza never visited her home on August 8 to pick up drugs and that no drugs were ever packed in appellant's luggage. Gregory also claims that he was never at appellant's home on August 8 and that none of Mendoza's statements are true. On the basis of these affidavits, and Mendoza's inability at trial to describe the location of appellant's home, appellant requested a new trial.

■ Appellant relies upon the case of *United States v. Antone,* 603 F.2d 566 (5th Cir.1979), for the proposition that a new trial must be granted whenever false testimony had a reasonable likelihood of affecting the judgment of the jury. Appellant's statement of the law is inaccurate. False testimony results in a new trial only if the government knew or should have known that the testimony was false. *See id.* Appellant has not shown that the government intentionally or negligently used false testimony; indeed, he has not even shown the testimony to be false. The conclusory and self-serving affidavits merely contradict Mendoza's testimony, they do not prove it false. Consequently, appellant was not entitled to a new trial under *Antone* nor could he meet the requirements for a new trial under Fed.R.Crim.P. 33. A Rule 33 motion requires, among other things, proof of diligence and proof that the new evidence was unknown at trial. Appellant has established neither, and therefore was not entitled to a new trial. The district court did not abuse its discretion in refusing to grant appellant's motion.

For the reasons set forth above, we affirm appellant's convictions, without prejudice to appellant's right to assert a claim of ineffective assistance of counsel in a collateral proceeding.

AFFIRMED.